ENSIGN v. DICKINSON et al.

(Supreme Court, General Term, Fifth Department.   June 28, 1892.)

COMPLAINT—SUFFICIENCY—SETTING OUT EVIDENCE.

Plaintiff sued as administratrix to recover money paid by her predecessor on an account presented as a valid claim against the estate.   The complaint alleged that the claim, when presented, was verified by defendants; that having been paid only in part, however, it was afterwards sued as the individual indebtedness of another; and that defendants had then stated under oath that deceased had never owed them any part of the said account.   It then set out somewhat the testimony of defendants in the said suit showing how the account arose, and who was liable therefor, but did not allege which of the oaths imputed to defendants was true, or that deceased was not liable for so much of the account as had been actually paid, or that there was any fraud or mistake.   *Held* insufficient, as setting out merely the evidence which might have been adduced on the trial, instead of the facts embodied by the evidence.

Appeal from special term.

Action by May Ensign, administratrix, against Thomas Dickinson and others, to recover money paid upon a claim for which it was alleged the estate was not liable.   From an interlocutory judgment, together with an order directing such judgment, overruling a demurrer interposed to the complaint, defendant Dickinson appeals.   Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Seward A. Simons*, for appellant.   *Adelbert Moot*, for respondent.

MACOMBER, J.   The learned justice at special term, in overruling the demurrer to the complaint interposed by the defendant Thomas Dickinson, while criticising the allegations as inartistic and incomplete, has found means of sustaining the pleading as against the demurrer.   He was of the opinion that the remedy, if any, which was available to the defendant, rested in a motion either to strike out allegations in the complaint, or make that pleading definite and certain.   It seems to us, however, that, if the matters contained in the complaint, which the learned justice below regarded merely as evidence to be adduced in the case, were struck out, there would remain no allegation which would entitle the plaintiff to any relief.   This, we think, will clearly be seen by an inspection of the complaint itself.   That pleading contains suitable allegations showing the death of one Charles Ensign on December 3, 1880; the admission of his last will to probate, and the issuing of letters testamentary to the executor named therein, one George W. Holt; the removal of such executor, and the superseding of his letters, and the appointment of this plaintiff as administratrix with the will annexed in his stead.   It further alleged that while George W. Holt had charge of the decedent's estate as executor a claim of $2,674.75 was presented to him in his representative capacity, for goods sold to his testator in his lifetime, and for work; that the claim was duly verified by the defendants as true and correct and unpaid; that no offset or counterclaim existed against it in favor of the estate; that the same was unsecured; that the executor, thereafter, upon examination of the account and the proofs attached, believing and relying upon the statement and representation made by the defendants, and believing that such claim was just, allowed it, and paid thereon to the defendants the sum of $1,337.38 on the 26th day of June, 1882.   The complaint further alleges "that each and every of the items set forth in their pretended claim and demand so by said defendants presented to said executor were entered in their books of account at the dates of such sales, respectively, as sales made to and services rendered for one Mary A. Ensign, and that not a single item thereof was entered in such books as being sold to or rendered for said deceased, and that the defendants, since the said payment to them as aforesaid by said executor, to apply on such claim and demand, have presented the same identical claim and demand to the said Mary A. Ensign, verifying the correctness thereof, as being an individual debt

owing by her, by their respective oaths, taken on the trial of an action brought by them against her in the superior court of Buffalo, by testifying on such trial that such pretended indebtedness never was an indebtedness owing by said deceased, but that it was an individual and sole indebtedness of said Mary A. Ensign to them, said defendants, and that none of the goods, wares, and merchandise stated in such claim made by them against the estate of said deceased were in fact sold by them to the deceased, and that none of the items thereof for work and labor, as so rendered to such executor, were in fact rendered for said deceased, and that said deceased did not, and never did, owe said defendants any sum or portion of such claim or demand so presented by them to said executor as hereinbefore stated; that the said executor was not acquainted with such matters and facts when he paid such sum of $1,337.38 to the defendants, as above alleged, and same were not discovered until long after such payment, to wit, until about the month of February, 1885; that said defendants are indebted, by reason of the premises, to the plaintiff as such administratrix, etc., as aforesaid, for such moneys so had and received by them to and for the use of said estate of said Charles Ensign, in the sum of $1,337.38, *together with interest thereon from July 26, 1882.*" It is thus seen that the only allegation against the defendants for which a money judgment is asked is that a verified account was presented to the executor, and was allowed and in part paid by him; that the same account was afterwards presented to one Mary A. Ensign as her individual indebtedness; that the same stood against her alone upon the books of the defendants; and that this, too, was properly fortified by the oath of the defendant given in court. The complaint lacks any allegation showing which of the oaths imputed to the defendants was true and which was false, and there is an entire omission to allege that the plaintiff's testator was not liable to the defendants for so much of the account as was actually paid by the executor. Furthermore, there is no allegation that the defendants have committed any fraud, nor is there any allegation of a mutual mistake made which should entitle plaintiff to relief. The portion of the complaint above quoted consists of an allegation of evidence which might be adduced upon the trial of the case if properly presented. They are not allegations which are susceptible of an issue of fact on the question of indebtedness. We see nothing in this pleading which calls upon the defendant to answer. Under our system of pleading, evidence should not be spread upon the record, but facts only which are the realities of evidence should be alleged, and, unless these appear in the complaint, we are of the opinion that the demurrer interposed, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, is well taken. It follows that the interlocutory judgment appealed from should be reversed.

Interlocutory judgment and order appealed from reversed, with costs of the demurrer and costs of this appeal, with leave to the plaintiff to amend her complaint in 20 days on payment of such costs. All concur.